IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 1 4 2003

[signature]
CLERK

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

    Civ. No. 02-1387 JC/RLP
    Cr. No. 02-0217 JC]

THOMAS SPARROW,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Defendant is currently confined in the Federal Corrections Institute at Florence, Colorado. He attacks the Judgment entered on November 9, 2001 in *United States v. Sparrow*, Cr. 01-00217 JC [Cr. Doc. 35].

2.    Pursuant to a Plea Agreement [Cr. Doc. 29], Mr. Sparrow pled guilty to the following charges: Count I, conspiracy to possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846; Count II, possession with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and aiding and abetting in violation

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

of 18 U.S.C. § 2; Count III, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Count IV, felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

3. Pursuant to the Presentence Report, the offense level computation for Counts I, II, and IV totaled 36. Attachment to § 2255 Motion. Because Mr. Sparrow was an organizer or a supervisor of the criminal activity, he received a 2 point upward adjustment. *Id.* He received a 3-point downward assessment for acceptance of responsibility, for a total base level of 35. *Id.*

4. On October 26, 2001 the Government filed a Motion for Downward Departure, requesting a three-point reduction from the mandatory statutory minimum sentence. [Cr. Doc. 33]. The Motion was granted as to a five point reduction. *See* Sentencing Proceedings [Cr. Doc. 34].

5. At the sentencing hearing, Mr. Sparrow was assessed an offense level of 30, and the range of sentence was 121-151 months. [Cr. Doc. 34]. He was sentenced to a total of 121 months' incarceration, to be followed by 5 years of supervised release. *Id.*

6. Mr. Sparrow's § 2255 Motion asserts that he received the maximum sentence in violation of Fed.R.Crim.P. 35 and that he is housed with individuals he helped to convict and that he is not safe.

7. A review of the record, as outlined in the foregoing paragraphs, indicates that Mr. Sparrow's Motion is without merit, as he did in fact receive a more lenient sentence than was originally assessed. In any event, he waived his right to bring a collateral proceeding in the Plea Agreement, and that waiver is valid. *See United States v.*

*Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). This claim should be dismissed with prejudice.

8.   To the extent Mr. Sparrow is asserting a claim concerning the conditions of his confinement, that claim is dismissed without prejudice and the Clerk of the Court should be directed to send Mr. Sparrow a form 42 U.S.C. § 1983 complaint, with instructions.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255 be dismissed with prejudice.  I further recommend that any purported claims concerning the conditions of confinement be dismissed without prejudice and the Clerk of the Court directed to send a form 42 U.S.C. § 1983 complaint, with instructions.

Richard L. Puglisi
United States Magistrate Judge